IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. H-04-046 |
| | § | (Civil Action No. H-07-0994) |
| RODNEY LEE THOMPSON | § | |

# **MEMORANDUM AND ORDER**

Defendant Rodney Lee Thompson has filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 ("Defendant's Motion" or "§ 2255 Motion") [Doc. # 171].[1]  The United States filed a Response and Motion for Dismissal and to Expand the Record [Doc. # 183], to which Thompson filed a Reply [Doc. # 186] and several of his own Affidavits [Docs. # 187 – # 193].  The Court has carefully reviewed all pertinent matters in this criminal case.  Based on this review, the Court's clear recollection of the relevant proceedings, and the application of governing legal authorities, the Court **grants** the United States' Motion for Dismissal, **denies**

---

[1] Defendant has also filed a "Motion to Enlarge And/Or Extend Traverse Objection Filings" [Doc. # 184], a "Motion Requesting Deferral of Facts and Finding Until Motion for Further Discovery Have Been Fully Adjudicated Upon And/Or Resolved" [Doc. # 185], two handwritten requests for an extension of time [Docs. # 195 and # 196], and a Motion Requesting Updated Status Report [Doc. # 200].  Each of these Motions is **denied as moot**.  Defendant also filed a Motion for Rule 11 Sanctions [Doc. # 199], which is **denied** as unwarranted by the record.  Defendant's Motion for an evidentiary hearing [Doc. # 194] is denied for the reasons set forth herein.

Defendant's § 2255 Motion, and **dismisses** the corresponding civil action (H-07-0994) for the reasons set forth below.

I.  **BACKGROUND AND PROCEDURAL HISTORY**

The United States presented evidence at trial in this case showing that Thompson participated in an armed robbery of a Texas Premier Bank on July 11, 2003, and again on September 12, 2003. Thompson and his co-defendant, Andre Carter, were arrested following an investigation of the robberies.

Thompson was convicted of two counts of armed robbery and two counts of brandishing a firearm during a crime of violence. He was sentenced to a term of imprisonment of 646 months, and a 5-year term of Supervised Release. He was also ordered to pay a special assessment and to make restitution in the amount of $150,000.00.

Thompson appealed his conviction and sentence to the United States Court of Appeals for the Fifth Circuit. The Fifth Circuit affirmed. *See United States v. Thompson*, 454 F.3d 459 (5th Cir.), *cert. denied*, __ U.S. __, 127 S. Ct. 602 (2006). Thompson then filed this timely Motion for relief pursuant to 28 U.S.C. § 2255, which has been fully briefed and is now ripe for decision.

## II.   STANDARD OF REVIEW FOR SECTION 2255 MOTIONS

To obtain collateral relief pursuant to 28 U.S.C. § 2255, a petitioner "must clear a significantly higher hurdle" than the standard that would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982). When a defendant has been convicted and his conviction has been upheld on direct appeal, there is a presumption that the defendant's conviction is fair and final. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998). "As a result, review of convictions under section 2255 ordinarily is limited to questions of constitutional or jurisdictional magnitude, which may not be raised for the first time on collateral review without a showing of cause and prejudice." *Id.* Of course, this procedural bar does not apply to claims that could not have been raised on direct appeal, such as those for ineffective assistance of counsel. *See Massaro v. United States*, 538 U.S. 500 (2003) (holding that ineffective-assistance claims are properly raised on collateral review and not procedurally barred by a failure to raise them on direct appeal).

Defendant is proceeding *pro se* in this matter. *Pro se* pleadings are reviewed under a less stringent standard than those drafted by attorneys and are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them. *See Haines v. Kerner*, 404 U.S. 519 (1972). At the same time, however, *pro se* litigants are still required to provide sufficient facts in support of their claims.

*United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993). Even under the rule of liberal construction, "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *Id.* (citing *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989)); *see also Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . to be of probative evidentiary value.").

### III. DISCUSSION

Thompson raises six issues in his § 2255 Motion. He appears to challenge the constitutional effectiveness of counsel following trial, at sentencing, and on appeal, arguing in each "count" that he "received actual and/or constructive denial of counsel." The Sixth Amendment guarantees criminal defendants the effective assistance of counsel. *See Yarborough v. Gentry*, 540 U.S. 1, 5 (2003). Claims for ineffective assistance of counsel are analyzed under the well-settled standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail under the *Strickland* standard, a defendant must demonstrate both constitutionally-deficient performance by counsel and actual prejudice as a result of the alleged deficiency. *See Williams v. Taylor*, 529 U.S. 390, 390-91 (2000). "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that rendered the result unreliable." *Strickland*, 466 U.S. at 687.

Counsel's performance is constitutionally deficient if it falls below an objective standard of reasonableness. *See United States v. Molina-Uribe*, 429 F.3d 514, 518 (5th Cir. 2005), *cert. denied*, ___ U.S. ___, 126 S.Ct. 1616 (2006). Scrutiny of counsel's performance must be "highly deferential," and a reviewing court must make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Molina-Uribe*, 429 F.3d at 518 (quoting *Strickland*, 466 U.S. at 689). There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. To prove prejudice, a defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *United States v. Harris*, 408 F.3d 186, 189 (5th Cir.) (quoting *Strickland*, 466 U.S. at 694), *cert. denied*, ___ U.S. ___, 126 S. Ct. 297 (2005).

  A. **Failure to Request and Obtain a New Trial**

In the first "count," Thompson claims that the Court erred by failing to order a new trial "once the District Court found that Thompson received actual and/or ineffective assistance of counsel" when trial counsel failed to subpoena or call two unidentified witnesses. In the second "count," Thompson argues that he was denied

effective assistance of counsel when his second attorney failed to request a new trial after the District Court made specific findings that "Thompson received actual and/or constructive denial of counsel" from the prior attorney.

Thompson's premise for each of these claims – that this Court made a finding that his first attorney provided ineffective assistance of counsel – is in error. The Court, at Thompson's request and in the interest of justice, appointed a second attorney (Lee Van Richardson, Jr.) to replace Thompson's trial counsel (Tyrone Moncriffe), but at no time did this Court make a finding that Mr. Moncriffe rendered ineffective assistance of counsel during his representation of Thompson. Indeed, contrary to the assertions in the § 2255 Motion, the District Court **denied** both of Thompson's motions claiming ineffective assistance of counsel by Mr. Moncriffe. *See* Hearing Minutes and Order [Doc. # 69]. At sentencing, the Court again stated clearly that the motions based on alleged ineffective assistance of counsel had been denied. *See* Transcript of Sentencing, February 15, 2005, p. 6. The record in this case patently refutes Thompson's assertion that the District Court made a finding that trial counsel had rendered ineffective assistance.

Additionally, although Thompson fails to identify the "two key witnesses" that trial counsel failed to call to testify, it appears from the record that the witnesses were Patrick Nikos and Defendant's father. The uncontroverted evidence in the record

reveals that Mr. Moncriffe interviewed Mr. Thompson, Defendant's father, who stated that he could not provide an alibi and that he would not lie for his son. Mr. Richardson interviewed Mr. Nikos, who gave him a description of the robber that "perfectly fit" Defendant. Thompson has not demonstrated that testimony from these two witnesses would have changed the outcome of his trial. Absent a showing that testimony from either one of these witnesses would have altered the verdict, Thompson does not demonstrate that either of his trial attorneys was deficient for failing to call witnesses, or that Thompson suffered actual prejudice as a result. Consequently, it was not ineffective assistance of counsel to decline to call these two witnesses to testify at trial.

### B.  Failure to Raise Double Jeopardy Argument

Thompson argues in "Count III" that he received ineffective assistance of counsel at sentencing when his counsel failed to present a double jeopardy argument based on *Simpson v. United States*, 435 U.S. 6 (1978). In "Count IV," Thompson argues that he received ineffective assistance when his counsel on appeal failed to assert this same double jeopardy argument. In *Simpson*, decided in 1978, the United States Supreme Court construed 18 U.S.C. § 2113(d) and 18 U.S.C. § 924(c) to be insufficiently distinguishable in the double jeopardy context to permit cumulative sentences. *See id.* at 16.

In 1984, Congress enacted the Comprehensive Crime Control Act to amend 18 U.S.C. § 924(c) and to overrule *Simpson*. *See United States v. Holloway*, 905 F.2d 893, 894 (5th Cir. 1990). The legislative history "clearly shows that Congress intended to completely revise § 924(c) so that it would serve as a cumulative punishment in addition to that provided for the underlying violent crime." *Id.* Consequently, convictions and separate sentences for armed bank robbery and for using a gun in relation to a crime of violence do not violate the double jeopardy clause. *See United States v. McCarty*, 36 F.3d 1349, 1361 (5th Cir. 1994). Failing to make an argument that had already been subject to an adverse decision by the Fifth Circuit was not deficient performance by counsel at sentencing or on appeal. The failure to raise the double jeopardy issue did not result in actual prejudice to Thompson. As a result, Defendant has failed to show that it was ineffective assistance by counsel at sentencing and on appeal not to argue that separate sentences for armed bank robbery and for using a gun in relation to a crime of violence violated the double jeopardy clause.

C.   **Petition for Rehearing and/or Rehearing En Banc**

Thompson alleges that he received ineffective assistance of counsel because his attorney on appeal failed to file a "Petition for Rehearing and/or Rehearing En Banc." The exhibits attached by Thompson to his § 2255 Motion refute his assertion that he requested his appellate counsel to file a "Petition for Rehearing." In his letter to Frank

Svetlik, counsel on appeal, Thompson requests only a motion "for hearing en banc and/or rehearing en banc." *See* Letter dated April 20, 2006 [Exhibit A to § 2255 Motion]. He did not request that appellate counsel file a motion for rehearing by the Fifth Circuit panel.[2]

The record also establishes that the Fifth Circuit's requirements for filing a Motion for Rehearing En Banc were not met in this case. Specifically, Federal Rule of Appellate Procedure 35(b) requires that a petition for rehearing en banc must include a statement that either (1) the panel decision conflicts with a decision by the United States Supreme Court or by another panel of the Fifth Circuit or (2) "the proceeding involves one or more questions of exceptional importance" and an example is where the panel decision conflicts with "authoritative decisions of other United States Courts of Appeals that have addressed the issue." *See* FED. R. APP. P. 35(b). In this case, Thompson is simply dissatisfied with the panel's decision, and that is not a basis for seeking rehearing en banc.[3] Counsel did not render ineffective assistance by failing to request a rehearing en banc for which the requirements were not satisfied.

---

[2] The panel's decision was unanimous.

[3] Thompson filed a *pro se* "Motion Requesting Petition for Rehearing and/or Petition for Rehearing En Banc" and the Fifth Circuit denied it.

### D.   Timely Petition For Writ of Certiorari

Thompson's final claim is that he was denied effective assistance of counsel when his appellate attorney failed to file a timely petition for writ of certiorari. The record establishes that the Fifth Circuit denied Thompson's *pro se* "Motion Requesting Petition for Rehearing and/or Petition for Rehearing En Banc" (filed July 10, 2006) on July 11, 2006. As a result, the deadline for filing a Petition for Writ of Certiorari to the United States Supreme Court was October 9, 2006. *See* SUP. CT. R. 13. Thompson's Petition for Writ of Certiorari was timely filed on the October 9 deadline.[4] *See* Letter from Clerk of Supreme Court, docketed and imaged on Fifth Circuit docket on October 25, 2006. The Supreme Court denied Thompson's Petition for Writ of Certiorari on November 13, 2006. Thompson's assertion that appellate counsel failed to file a timely Petition for Writ of Certiorari is refuted by the records of the United States Supreme Court and the United States Court of Appeals for the Fifth Circuit.

### E.   Breach of Contract

Thompson argues that his requests that counsel raise certain arguments or file certain motions constituted verbal contracts, that counsel breached the contracts by failing to perform as requested, and that he is entitled to relief under § 2255 for the

---

[4]   The Supreme Court's rules provide that the Clerk "will not file any petition for a writ of certiorari that is jurisdictionally out of time." *See* SUP. CT. R. 2.

breach of contract. Thompson has presented no legal authority for his argument that a unilateral request to counsel creates a verbal contract. Indeed, the law is well established that an essential element of a binding contract is the acceptance of an offer. *See Beverick v. Koch Power, Inc.*, 186 S.W.3d 145, 150 (Tex. App. – Houston [1st Dist.] 2005, review denied).

Thompson has also failed to provide any legal support for his position that a breach of contract, without more, constitutes ineffective assistance of counsel for which relief under § 2255 is appropriate. Indeed, the United States District Court for the Middle District of Tennessee has held that breach of contract claims are not cognizable in collateral challenges to criminal convictions. *See Forster v. Worthington*, 2007 WL 2471800, *20 (M.D. Tenn. Aug. 28, 2007). To the extent Thompson bases his ineffective assistance of counsel claims on an alleged breach of contract, those arguments are without merit and fail to provide a basis for relief under § 2255.

## IV.     EVIDENTIARY HEARING

Thompson has filed a Motion for an evidentiary hearing [Doc. # 194]. He does not, however, identify which factual issues he believes require a hearing. A motion brought under 28 U.S.C. § 2255 can be denied without a hearing if the motion, files, and records of the case conclusively show that the defendant is not entitled to relief. *See United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992) (*per curiam*) (citing

*United States v. Auten*, 632 F.2d 478 (5th Cir. 1980)). The record in this case is adequate to dispose fully and fairly of Defendant's allegations. This Court need inquire no further on collateral review, and Thompson's Motion for an evidentiary hearing is **denied**.

## V. <u>CERTIFICATE OF APPEALABILITY</u>

Defendant's § 2255 motion is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2253. Thus, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the defendant makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires the defendant to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484

(2000)). Under the controlling standard, this requires the defendant to show "that reasonable jurists could debate whether (or, for that matter, agree that) the [§ 2255 Motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After carefully considering the entire record of the criminal proceeding, the Court concludes that jurists of reason would not debate whether Thompson has stated a valid claim. Accordingly, a certificate of appealability will not issue.

## VI.   <u>CONCLUSION AND ORDER</u>

Because Thompson has failed to establish an error of constitutional or jurisdictional magnitude, he is not entitled to relief under 28 U.S.C. § 2255. Based on the foregoing, the Court **ORDERS** as follows:

1. The United States' Motion for Dismissal [Doc. # 183] is **GRANTED**, Defendant's pending § 2255 motion (Doc. # 171) is **DENIED**, and the corresponding civil action (H-07-0994) is **DISMISSED with prejudice**.

2. A certificate of appealability from this decision is **DENIED**.

3.  Defendant's "Motion to Enlarge And/Or Extend Traverse Objection Filings" [Doc. # 184], "Motion Requesting Deferral of Facts and Finding Until Motion for Further Discovery Have Been Fully Adjudicated Upon And/Or Resolved" [Doc. # 185], Motion for an evidentiary hearing [Doc. # 194], two handwritten requests for an extension of time [Docs. # 195 and # 196], Motion for Rule 11 Sanctions [Doc. # 199], and Motion Requesting Updated Status Report [Doc. # 200] are **DENIED**.

The Court will issue a separate Final Order.

The Clerk will provide a copy of this Memorandum and Order to the parties and will file a copy in Civil Action No. H-07-0994.

SIGNED at Houston, Texas, this 17th day of **October, 2007**.

_____
Nancy F. Atlas
United States District Judge